IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
COLUMBIA DIVISION

| | |
|---|---|
| ROBERT JAMES QUIER and KENNETH WOODS, Plaintiffs, v. MAURY COUNTY JAIL, Defendant. | No. 1:14-cv-0153 Senior Judge Haynes |

## MEMORANDUM

Plaintiffs, Robert James Quier and Kenneth Woods filed this pro se action under 42 U.S.C. § 1983 against Defendant, identified as the Maury County Jail. (Docket Entry No. 1). At the time the complaint was filed, both Plaintiffs were inmates at the Maury County Jail. Plaintiff Woods has given notice that he was released from detention on December 24, 2014. Plaintiffs' "Statement of Facts" states in full as follows:

> We are [suing] Maury County Jail because they give people milk when they are allergic to it, for inst[ance] my celly can't have milk but they give it to him anyway and this is everyday. Also we are locked down 23 and 1, we only have one hour to shower, use the phone and talk to others and this is also everyday. Also the food is garbage and the kitchen supervisor is not watching over the cooks because the foods is not done or it is over cook half of the time. Also there [are] no support bars in the shower for handicaps.

(Docket Entry No. 1, at 5). Plaintiffs do not allege how they personally have been harmed by the conduct they complain about. Plaintiffs seek injunctive relief only, in the form of "Better food and more," "Letting more time out of [our] cell," "Better medical," and "Put some bars in the shower." (Id.).

The complaint is before the Court for an initial review pursuant to 28 U.S.C. § 1915(e)(2).

For the reasons set forth herein, the complaint will be dismissed. Under the Prison Litigation Reform Act ("PLRA"), the Court must conduct an initial review of any civil complaint filed in forma pauperis, 28 U.S.C. § 1915(e)(2), or is brought by a prisoner who seeks relief from government entities or officials, 28 U.S.C. § 1915A, or challenges the prisoner's conditions of confinement, 42 U.S.C. § 1997e(c). Upon conducting this review, the Court must dismiss the complaint, or any portion thereof, that fails to state a claim upon which relief can be granted, is frivolous, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) and 1915A; 42 U.S.C. § 1997e(c).

The dismissal standard articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007), governs dismissals under the PLRA "because the relevant statutory language tracks the language in Rule 12(b)(6)." Hill v. Lappin, 630 F.3d 468, 470–71 (6th Cir. 2010). Thus, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570). In considering whether a pro se plaintiff's complaint meets this standard, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." Tackett v. M&G Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009) (citations omitted). In addition, *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520–21 (1972); Jourdan v. Jabe, 951 F.2d 108, 110 (6th Cir. 1991).

To state a colorable claim under 42 U.S.C. § 1983, Plaintiffs must allege plausible facts of (1) a deprivation of rights secured by the Constitution and laws of the United States and (2) that "the deprivation was caused by a person acting under color of state law." Tahfs v. Proctor, 316 F.3d 584,

590 (6th Cir. 2002) (citations omitted).

As an initial matter, the Court concludes that Plaintiff Kenneth Woods' claims for injunctive relief have been rendered moot by his release from jail.

As for Plaintiff Quier's claims, the "Maury County Jail" is not a "person" who may be subject to liability under 42 U.S.C. § 1983. The Sheriff's Department is a division of Maury County. The Court liberally construes the complaint as attempting to assert claims against Maury County.

The county is a municipality that is considered a legal "person" who may be subject to liability under § 1983. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A municipality can be held responsible for an alleged constitutional deprivation if there is a direct causal link between a policy or custom of the municipality and the alleged constitutional violation. Monell, 436 U.S. at 694; see also Garner v. Memphis Police Dep't, 8 F.3d 358, 364 (6th Cir. 1993) ("[T]o satisfy the Monell requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" (quoting Coogan v. City of Wixom, 820 F.2d 170, 176 (6th Cir. 1987)).

As to whether the complaint alleges the existence of jail-wide policies that could be attributed to the county, Plaintiff Quier has not shown how he has been harmed by any such unconstitutional policies. More specifically, the complaint does not allege actual facts to show how his constitutional rights were violated or how he was actually injured by any alleged constitutional violations. The complaint contains vague generalities that are not sufficient under Rule 8 of the Federal Rules of Civil Procedure to "show that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). For instance, the complaint asserts that inmates who are allergic to milk nonetheless receive milk at meals, but Plaintiff Quier does not allege that he is allergic to milk or, even if he is, that he has actually suffered

harm as a result of this allegedly unconstitutional policy of providing milk to persons who are allergic to it. Plaintiff complains about the absence of bars in the shower, but he does not allege that he is disabled, that he needs bars in the shower, that he has been harmed by the absence of bars in the shower, or that he faces an unreasonable risk of harm based on the absence of bars in the shower. These allegations therefore fail to show a constitutional violation to support a claim under § 1983.

Plaintiff complains about the 23-hour lockdown, but merely being placed in administrative lockdown, even for 23 hours a day, does not rise to the level of a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. See Argue v. Hofmeyer, 80 F. App'x 427, 429 (6th Cir. 2003) (prisoner's confinement to his cell for 23 hours per day, Monday through Friday, did not violate the Eighth Amendment). See also Sandin v. Conner, 515 U.S. 472, 484–86 (1995) (an inmate's confinement to his cell during work hours for refusal to accept a work assignment does not constitute an atypical and significant hardship); Rodgers v. Jabe, 43 F.3d 1082, 1086–87 (6th Cir. 1995) (no minimum amount of outdoor exercise required to avoid Eighth Amendment violation). Thus, the Court concludes that Plaintiff fails to state a claim for the alleged lockdown.

Plaintiff Quier also alleges that the food is frequently undercooked or overcooked, but does not allege facts that the poor cooking is the result of a policy. The preparation or quality of prison food generally do not amount to an Eighth Amendment violation absent proof that the meals were insufficient to maintain normal health. Cunningham, v. Jones, 567 F.2d 653, 659–660 (6th Cir.1977). Plaintiff does not allege that the meals are insufficient to maintain health. The Court concludes Plaintiff's allegations about food fail state a claim for which relief may be granted.

For all these reasons, the Court concludes that Plaintiff Quier's allegations in the complaint

do not state a claim upon which relief may be granted. Plaintiff Woods' claim for injunctive relief only should be dismissed as moot.

An appropriate order is filed herewith.

It is so **ORDERED**.

**ENTERED** this the 21st day of January, 2015.

WILLIAM J. HAYNES, JR.
Senior United States District Judge